FARHAD NOVIAN (SBN 118129)
farhad@novianlaw.com
ALEXANDER KANDEL (SBN 306176)
alexanderk@novianlaw.com
**NOVIAN & NOVIAN LLP**
1801 Century Park East, Suite 1201
Los Angeles, California 90067
Telephone:   (310) 553-1222
Facsimile:    (310) 553-0222

Attorneys for Plaintiff LEAH FLORES

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEAH FLORES, an individual,<br><br>                 Plaintiff,<br><br>          v.<br><br>FUEGO HOLDINGS, LLC, a Texas limited liability company; and DOES 1 through 10, inclusive,<br><br>                 Defendants. | Case No.:  2:21-cv-3089<br><br>**COMPLAINT FOR:**<br><br>1.  **COPYRIGHT INFRINGEMENT**<br>2.  **VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

Plaintiff LEAH FLORES, ("Plaintiff") by and through her undersigned counsel, hereby complains against defendant FUEGO HOLDINGS, LLC ("Fuego Holdings"), a Texas limited liability company; and DOES 1 through 10, inclusive (collectively, "Defendants"), and allege as follows:

## NATURE OF THE ACTION

1.      Plaintiff creates and obtains rights to unique two-dimensional non-functional designs for display and use on textiles and accessories, which are transacted primarily in and through the apparel and home goods industries. Plaintiff owns these artworks in exclusivity and exploits these designs for profit by selling products bearing the designs or entering into licensing agreements for sale or display by third parties.  Defendants have knowingly and intentionally used at least one such artwork in the production of unauthorized goods which infringe Plaintiff's copyrights.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over Plaintiff's federal claims arising under the Copyright Act of 1976, Title 17 U.S.C., § 101 et seq. under 28 U.S.C. § 1331, 1338 (a) and (b).

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. 1332(a)(1), in that this is a civil action between citizens of the State of Oregon and citizens of the State of Texas, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.      This Court has personal jurisdiction over the Defendants because the events or omissions giving rise to the claim occurred, the tortious acts occurred, and a substantial part of the injury took place and continues to take place, in this judicial district.

5.      Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C §§ 1391(b), 1391(c), and 1400(a) on information and belief that: (a) this is a judicial district in which a substantial part

of the events giving rise to the claims occurred the tortious acts occurred, and a substantial part of the injury took place and continues to take place; and (b) Defendants are subject to the Court's personal jurisdiction with respect to this action.

## THE PARTIES

6.     Plaintiff LEAH FLORES ("Plaintiff") is an individual residing in the State of Oregon.

7.     Plaintiff is informed and believes, and thereon alleges, that Defendant FUEGO HOLDINGS, LLC ("Fuego"), is, and at all times relevant was, a limited liability company with its principal place of business located at 6411 Burleson Road, Austin, Texas 78744.  Plaintiff is informed and believes, and thereon alleges, that Fuego advertises, distributes, and sells products to consumers throughout the United States, including consumers within this Court's jurisdiction.

8.     Defendants DOES 1 through 10 are individuals and/or entities whose true names and capacities are presently unknown to Plaintiff.  Plaintiff is informed and believes, and thereon alleges, that, at all times herein mentioned, each of the fictitiously named defendants was the agent, servant, and/or employee of his or her co-defendants and, in doing the things herein mentioned, was acting within the scope of his or her authority as such agent, servant, and/or employee, and with the permission and consent of his or her co-defendants, and that each of said fictitiously named defendants is, in some manner, liable or responsible to Plaintiff based upon the facts hereinafter alleged and thereby proximately caused injuries and damages to Plaintiff as more fully alleged herein.  Accordingly, Plaintiff sues said defendants by said fictitious names.  At such time as said defendants' true names and capacities become known to Plaintiff, Plaintiff will seek leave to amend this Complaint to insert said true names and capacities of such individuals and/or entities.

9.     Plaintiff is informed and believes, and thereon alleges, that at all relevant times, there existed a unity of interest and ownership between each and

every Defendant such that any individuality or separateness between each and every Defendants has ceased. Defendants are the alter egos of one another in that Defendants carried on their activities and business together, with an agreement to share in the profits and spoils of their fraudulent activities and business. Adherence to the fiction of the separate existence between Defendants would permit an abuse of the corporate privilege and would sanction fraud, promote injustice, and otherwise aid in the commission of unlawful conduct. This is true because, as Plaintiff is informed and believes, at all relevant times, Defendants were commingling assets in a manner that allowed Defendants to utilize and freely transfer those assets amongst themselves. The commingling of assets and unlawful business conduct, as alleged more fully herein, by Defendants through one another was intended, among other things, to allow Defendants to avoid liability to Plaintiff for valid obligations.

## PLAINTIFF'S COPYRIGHT

10.    Plaintiff is a professional artist who regularly sells, licenses, or otherwise exploits her artwork to clients and third-party retailers.

11.    Plaintiff has expended considerable resources and efforts in creating, developing, and marketing her artworks, which are essential to her business.

12.    Plaintiff owns, and had owned prior to the infringing acts complained of herein, all copyrights to a two-dimensional artwork designated as "Crash into Me" (the "Crash Into Me Artwork"):



13.    The Crash into Me Artwork was first published in January of 2014 and is registered with the United States Copyright Office as Registration No. VA 2-143-907.

14.    On or about January 23, 2014, Plaintiff began advertising, displaying, and selling the Crash Into Me Artwork in commerce throughout the United States including, but not limited to Plaintiff's website, *www.leahflores.com*, on her social media pages, and through authorized third-party retailers.

## DEFENDANTS' INFRINGING CONDUCT

15.    Upon information and belief, Defendants are in the business of commercially manufacturing, selling, distributing, and displaying clothing, home furnishing goods, and other items.

16.    In or around late 2020, Plaintiff discovered that Defendants were selling goods including, but not limited to, tapestries and pillows which bear artwork identical or substantially similar to Plaintiff's Crash Into Me Artwork ("Infringing Crash Into Me Goods"). A true and correct copy of a side by side comparison of the Infringing Crash Into Me Goods and an authorized work bearing the Crash Into Me Artwork is attached hereto as **Exhibit A**.

17.    Upon information and belief, Defendants were selling, marketing, and advertising the Infringing Crash Into Me Goods on websites including, but not limited to, *www.atticsalt.com*—a website owned and operated by Defendants, and each of them.

18.    Upon information and belief, Defendants are, without Plaintiff's authorization, unlawfully reproducing, importing, distributing and/or selling Infringing Crash Into Me Goods in this judicial district that feature artwork that is identical or substantially similar to the Crash Into Me Artwork.

19.    On or about January 13, 2021, Plaintiff, through her counsel, addressed a letter to Defendant Fuego to inform Fuego of the Infringing Crash Into Me Goods. Plaintiff demanded, among other things, that Fuego immediately cease

and desist from using, copying, reproducing, distributing, displaying, ordering, purchasing, manufacturing, offering for sale or advertising the Crash Into Me Artwork in any way ("January 13th Letter").

20.   On or about February 9, 2021, Fuego responded by e-mail to Plaintiff's January 13th Letter claiming that it had removed all Infringing Crash Into Me Goods from its stores and website as of January 15, 2021.

21.   On or about March 9, 2021, Fuego reaffirmed to Plaintiff through a letter from its counsel that it immediately ceased sales of the Infringing Crash Into Me Goods upon receipt of the January 13, 2021 Letter.

22.   Notwithstanding Fuego's representations that it ceased sales of all Infringing Crash Into Me Goods, upon information and belief, Defendants continue to misappropriate the Crash Into Me Artwork and unlawfully reproduce, import, distribute, and or/sell infringing Goods.

23.   Upon information and belief, Defendants' infringing use of the Crash Into Me Artwork is not limited to the Infringing Goods described above, and other goods Defendants created, manufactured, caused to be manufactured, imported, distributed, and/or sold may infringe Plaintiff's copyright in the Crash Into Me Artwork.

<u>**COUNT ONE:**</u>

<u>**COPYRIGHT INFRINGEMENT**</u>

**(For Copyright Infringement Against All Defendants)**

24.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs designated 1 through 23, inclusive, of this Complaint, as if fully set forth herein at length.

25.   Plaintiff is informed and believes, and thereon alleges, that Defendants infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Crash Into Me Artwork and by producing, distributing and/or selling the Infringing Crash Into Me Goods.

26.     Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to her business in an amount to be established at trial.

27.     Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

28.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits Defendants would not otherwise have realized but for Defendants' infringement of the Crash Into Me Artwork.  As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Crash Into Me Artwork in an amount to be established at trial.

29.     Plaintiff is informed and believes and thereon alleges that Defendants have imported, manufactured, cause to be manufactured and/or sold the Infringing Crash Into Me Goods.

30.     Upon information and belief, Defendants also began such activities although Defendants were fully aware of Plaintiff's superior rights to the Crash Into Me Artwork. Therefore, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious, subjecting Defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.  Further, Defendants, and each of their willful and intentional misappropriation and/or infringement of Plaintiff's copyrighted Crash Into Me Artwork render Defendants liable for statutory damages as described herein. Within the time permitted by law, Plaintiff will make her election between actual damages and statutory damages. Plaintiff is also entitled to preliminary and permanent injunctive relief.

///

///

///

## COUNT TWO

## VICARIOUS AND/OR CONTRIBUTORY COPY RIGHT INFRINGEMENT

### (For Vicarious and/or Contributory Copyright Infringement
### Against All Defendants)

31.     Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 30, inclusive.

32.     Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of Infringing Crash Into Me Goods featuring the Crash Into Me Artwork as alleged hereinabove.

33.     Plaintiff is informed and believes and thereon alleges that Defendants are vicariously liable for the infringements alleged herein because Defendants had the right and ability to supervise the infringing conduct and because Defendants had a direct financial interest in the infringing conduct.

34.     By reason of the Defendants' acts of contributory infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to her business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

35.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits Defendants would not otherwise have realized but for Defendants' infringement of the Crash Into Me Artwork. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendants' infringement of the Crash Into Me Artwork, in an amount to be established at trial.

36.     Plaintiff is informed and believes and thereon alleges that Defendants have imported, manufactured, cause to be manufactured and/or sold the Infringing Crash Into Me Goods.

37.     Upon information and belief, Defendants also began such activities although Defendants were fully aware of Plaintiff's superior rights to the Crash Into Me Artwork. Therefore, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional, and malicious, subjecting Defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Further, Defendants' willful and intentional misappropriation and/or infringement of Plaintiff's copyrighted Crash Into Me Artwork renders Defendants liable for statutory damages as described herein.  Within the time permitted by law, Plaintiff will make her election between actual damages and statutory damages. Plaintiff is also entitled to preliminary and permanent injunctive relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully demands the following relief against the Defendants with respect to each claim for relief:

With respect to all Defendants, and each of them, as to Counts One and Two:

1. That Defendants, Defendants' agents and servants be enjoined from selling Infringing Crash Into Me Goods or otherwise infringing Plaintiff's copyright in the Crash Into Me Artwork;

2. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff in connection with Defendants' infringement of the Crash Into Me Artwork, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

3. That Plaintiff be awarded her attorneys' fees as available under the Copyright Act 17 U.S.C. § 101 et seq.;

4. Directing such other relief as the Court may deem appropriate to prevent Defendants from participating in these or other copyright infringements.

For such other and further relief as the Court may deem just and proper.

Dated:  April 9, 2021          **NOVIAN & NOVIAN LLP**

By:   /s/ Farhad Novian
FARHAD NOVIAN, State Bar No. 118129
ALEXANDER KANDEL, State Bar No. 306176

Attorneys for Plaintiff LEAH FLORES, an individual

## **DEMAND FOR JURY TRIAL**

A jury trial is demanded pursuant to Fed. R. Civ. P. 38.


Dated:  April 9, 2021                    **NOVIAN & NOVIAN LLP**

                                         By: ___/s/ Farhad Novian_____
                                         FARHAD NOVIAN, State Bar No. 118129
                                         ALEXANDER KANDEL, State Bar No. 306176

                                              Attorneys for Plaintiff LEAH  FLORES, an
                                              individual

# EXHIBIT A

Leah Flores Designs LLC

SHEIN 



